*170 Opinion of the court by
Judge Mills.
[Absent Ch. Justice Bibb.]
This is a petition and summons on a plain note, and the issue tried was on the plea of payment. On the back of the note was a credit endorsed by the assignor of the plaintiff, before the assignment, in these words:
“Received, April, 1822, of the within, $200 in Kentucky paper;” and signed by the holder.
The whole controversy which took place between the parties on the trial, arose out of this endorsement, the plaintiff contending that he had a right to scale the Kentucky paper to its real value in specie, and the defendant insisting that he ought to have the credit given him at its nominal amount.
In contesting this matter, evidence was objected to as improper and incompetent and sundry instructions were drawn from the court to the jury, some of which could not be sustained as good law; out notwithstanding this, we are disposed to affirm the judgment, because we cannot perceive that by any introduction of testimony, or by any error committed by the court injustice was done, as all the evidence objected to, and all the instructions were a labor on the part of the defendant, and an effort on the part of the court to bring the credit exactly to what it means without such exertions, and therefore, no wrong was done to the plaintiff below, who brings the cause have by writ of error. His judgement amounts exactly to as much as it oaght to, this labor notwithstanding.
It is not necessary for a jury to notice credits endorsed on a note when swore on an enquiry of damages, indeed on the trial of an issue, unless, under the issue of payment, the defendant may rely on, *171 and the jury ought to notice such credits and add them to other payments proved to discharge the entire demand.
Practice of the clerk in jugment in debt by default in specialty, to note the credit its endorsed on the note at the foot of the judgment as credits upon it, approved.
An endorsement of a credit for so many dollars in Kentucky paper, on a note for cash, shall not be sealed—But on a judgment by default on such a note, the clerk shall note a credit for the nominal sum—the Judge if called on shall so direct in parol agreement between the assignor and assignee as to credits indorse cannot be son the amount due on the note assigned—much an agreement between payor and payee might have the effect.
*171 Under the practice of this country, whenever a note on which an action is brought is filed, the courts of original jurisdiction notice it so far as to cause the clerk to note on the record all credits endorsed thereon, as credits on the judgment, and this after a writ of enquiry or verdict when the jury has not noticed them. How, or when this practice had its origin we are not informed, as it goes beyond the memory of our oldest practitioners, and has been in use so long, and is found so convenient, and so well subserves the purposes of justice, that we should be unwilling to see it disturbed.
If then a judgment had been rendered by default, and the court had been called on to direct the amount of credit to be endorsed pursuant to this endorsement, we conceive that if ought to have directed the same credit which has been given by the jury, and that such is the fair construction of the
writing. Let it be recollected that the payee has the custody of his own note, and controls every credit upon it, and directs them as he pleases. It is then fair to construe each credit as strongly against him as the- words will justify, and to presume that he has not given more than he ought, or that he has used dubious expressions in a sense unfavor
able to his adversary. It is then clear that if he intended to scale this paper credit, he would have named no more dollars than its real value as a credit, and fact of his stating the nominal amount is prima facie evidence that he intended to place one dollar against another. This is different from the case of a note which is made payable in commonwealth or bank paper, which this court has construed to mean, so many paper dollars, and that for this plain reason; the clause was there inserted for the benefit of the obligor, and would be wholly unnecessary, if it was not intended to case or lessen the extent of the demand; here the statement that it was paper, could not have been used to lessen the credit; which would reader it uncertain, till the value of the *172 paper was ascertained, while the number of dollars was used to fix it. As it cannot be presumed that any man engages to pay more than he is bound to pay, so it cannot the supposed that he has credited more than he ought, or that he used words extending the credit without intending it. As then, this credit might have been appended to the judgment, by the court at the extent of two hundred dollars, without this controversy, we cannot see how the plaintiff has been injured by any thing which has happened as he had no proof, and attempted move, conducing to lessen the credit by impeaching it.
Caperton, for plaintiff; Turner, for defendant.
It is true the court below instructed the jury that the credit could not be less, or the plaintiff could not recover more than he and his assignor agreed was due when the note was assigned. It would have been more correct to have told the jury that the plaintiff could not recover more, or the credit could not have been less, than the payor and payee had agreed it should be. We are far from believing that a parol agreement between assignor and assignee could lessen the legal effect of the note, or invalidate the assignment. But still, as the agreement between the assignor and assignee, to which the court alluded in the instruction, and gave to the jury as a guide, fixed the disputed credit at the precise sum, which we have supposed the credit fixed itself, the plaintiff could have sustained no injury by the instruction. We do not think it proper to sustain exceptions to a verdict and judgment, which by a credit directed by the judge at law, or the decree of the chancellor, must, from what now appears, bring the parties to the same point, at which they now stand.
The judgment must be affirmed with costs.